491 A.2d 234

COMMONWEALTH of Pennsylvania, Appellant,

v.

Raymond E. NESS.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Dale Elwood SMITH.

Superior Court of Pennsylvania.

Argued Nov. 8, 1984.

Filed April 4, 1985.

226

William P. Carlucci, Assistant District Attorney, Williamsport, for Commonwealth, appellant.

Scott Williams, Williamsport, for appellee (at 53).

John P. Pietrovito, Williamsport, for appellee (at 54).

Before WICKERSHAM, DEL SOLE and POPOVICH, JJ.

DEL SOLE, Judge:

The question for our consideration in this appeal is whether the Vehicle Code of 1976, P.L. 162, Act. No. 81, 75 Pa.C.S.A. Section 101, eff. July 1, 1977, continued the previous Code's requirement that speed timing devices, such as a stop watch, be used over a measured distance of at least one-eighth of a mile.

On March 13, 1983, Appellee, Raymond Ness, was cited for operating his vehicle at 50.5 m.p.h. in excess of the posted 35 m.p.h. limit. The officer had timed Ness' speed using a certified stop watch over a premeasured course of 200 feet.

Dale Elwood Smith was cited for travelling of 56.8 m.p.h. in a posted 35 m.p.h. zone in Old Lycoming Township on May 27, 1983. Smith's speed was measured over a course of 600 feet also by a certified stop watch. At summary hearings before the District Justice, both individuals were found guilty of speeding. The convictions were appealed to the Court of Common Pleas of Lycoming County. At a pre-trial hearing, both sides offered evidence by stipulation, and the court en banc sustained the Appellees' motions to dismiss. The issue was purely one of law, and the court determined that under the present Vehicle Code, the minimum distance over which rates of speed could be detected was one-eighth of a mile or 660 feet. The cases were consolidated, and the Commonwealth appeals the Common Pleas Court's determination of that issue.

The court reasoned that the one-eighth of a mile minimum distance requirement contained in the previous Vehicle Code was retained implicitly by the 1976 re-enactment. The Commonwealth argues the alternative interpretation—that by re-enacting the Code and making no explicit distance requirement with regard to speed timing devices (except the speedometer), the legislature did not intend to preserve that requirement. We are persuaded by the Commonwealth's argument.

The applicable texts are:

§ 1002, P.L. 58, April 29, 1959, 75 P.S.

(d)(1) When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time may be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace office, except as hereinafter provided, and no such measured stretch shall be less than one-eighth (⅛) of a mile in length or, under any conditions, the rate of speed may be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation.

§ 3368(c)(1), P.L. 162, Act. No. 81, 75 Pa.C.S.A.

The rate of speed of any vehicle may be timed on any highway by any police officer using a mechanical or electrical speed timing device.

We are aware of the fact that although certified stop-watches are not specifically mentioned in either section, this Court has determined the provision to include stop watches as mechanical or electrical speed timing devices. *Commonwealth v. Manny*, 272 Pa.Super. 93, 414 A.2d 685 (1980).

Unlike the previous Code, the 1976 Vehicle Code makes no provision for minimum distance required to measure speed using an approved device. The trial court, relying on the language of the Common Pleas Court in *Commonwealth v. Manny*, 11 D. & C.3d 714 (1978), aff'd, 272 Pa.Super. 93, 414 A.2d 685 (1980), found that the ⅛ mile minimum distance requirement continued in the present enactment. The court quoted *Manny:*

The new statute did not specify over what distance a motorist need be timed with a stop watch to determine his speed. This Court held that a stop watch would only be an effective and fair speed timing device if used for at

least such a distance as to ensure reasonably accurate speed timing. The legislature expressed its confidence in a distance of one-eighth of a mile under the former law. *Commonwealth v. Manny*, 11 D. & C.3d at 721.

The court found that because the new law did not expressly alter the distance requirement, it is presumably carried on in the re-enactment.

The statutory provision does not contain a distance requirement. The regulations pertaining to the use of stop watches list strict procedures for certifying their accuracy but give no indication of minimum required distance for their use. 67 Pa.Code § 105.71–105.76.

The Commonwealth points out that the re-enactment changed several points in the previous law. They include:

1. the provision for maximum speed limits in different urban sections.
2. provisions for signs pertaining to speed law enforcement
3. provisions for highway engineering studies by the Secretary of Highways
4. provisions for inspection stations to test the speedometers and radar apparatus
5. provisions for regulations pertaining to the size, color and type of highway warning signs
6. provisions establishing procedures for speed timing.

The recodification is concerned mainly with authorizing and certifying the various types of speed timing devices. The Commonwealth argues that when the § 1202 was enacted seventeen years prior to § 3368, the only sophisticated device available for detecting highway speed was radiomicrowave apparatus (radar).

The trial court, by reasoning that the minimum distance not contained in the re-enactment was intended to be retained, did not adhere to the rules of statutory construction or consider the entire scheme of alterations in the 1976 Vehicle Code.

The Statutory Construction Act of 1972, P.L. 1339, No. 290, 1 Pa.C.S.A. Section 1501–1991, states with regard to re-enactments:

Whenever a statute re-enacts a former statute the provisions common to both statutes shall date from their first adoption. Such provisions only of the former statute as are omitted from the re-enactment shall be deemed abrogated, and only the new or changed provisions shall be deemed by the law in the effective date of the re-enactment. 1 Pa.C.S.A. § 1961.

This Court has supported this rule of construction in considering the re-enactment of the Vehicle Code's provisions referring the chemical intoxication testing for suspected drunken drivers. *Commonwealth v. Charles*, 270 Pa. Super. 280, 411 A.2d 527 (1979). Relying on the Statutory Construction Act as well as the comparison with the laws of other states to interpret the changes in the re-enactment, this Court concluded that the omission of the provision allowing the introduction of evidence at trial of defendant's refusal to submit blood alcohol tests was intended as the sections being abrogated by the legislature in the 1976 Vehicle Code.

Also, the Act itself states: "The provisions of this title, so far as they are the *same* as those of existing law, are intended as a continuation of such laws and not as new enactments." § 104, P.L. 162, No. 81, § 1, eff. July 1, 1977. [Emphasis added].

In § 3368(a), the speed distance requirement for speedometers is three-tenths of a mile. Under § 1002, the requirement had been one quarter of a mile.

■ We must conclude that the alterations made in the re-enactment of the Vehicle Code were intended to be just that. The law must be internally consistent. This Court has determined in a separate section of the Code, that the provisions omitted were intended to be abrogated. This holds true for § 3368 as well. The Commonwealth argues that the reasoning behind the abrogation of the ⅛ mile

requirement is that certain devices, such as VASCAR, can accurately time speed over short distances. Also, E.S.P. and SPEED–CHECK devices utilize speed tapes set 5 or 6 feet apart. Microwave devices can detect speed almost instantly, the Commonwealth maintains.

The Commonwealth, in this case, was prepared to present evidence that a certified stop watch was used to measure the rate of speed of Appellee's vehicles and that the watch was used over a 200 ft. and a 600 ft. course. The Commonwealth was also ready to present expert testimony which would indicate that the stop watch is the functional equivalent of VASCAR, the use of which is found to be accurate for distances under 200 feet.

We hold that the legislature did not intend, because of the introduction of sophisticated speed timing apparatus, to maintain the one-eighth of a mile distance requirement. The Commonwealth should be given the opportunity to prove that the watch was properly certified under the Regulations and that the officer could accurately time the rate of speed that Appellee's vehicles were travelling over the premeasured distances used.

We note that in argument, this Court presented the possibility that our recent decision in *Commonwealth v. Smalis*, 331 Pa.Super. 307, 480 A.2d 1046 (1984), may bar the Commonwealth's appeal in this case on the basis of Double Jeopardy principles. We find that it does not. The Common Pleas Court was careful in revealing that the proceedings were limited to the determination of the legal issue herein and made no ruling on the factual issues. The court also noted that Appellee's demurrer was actually a Motion to Dismiss based on the resolution of the legal question.[1] *Smalis* would not bar an appeal by the Common-

1. Under Pa.R.Crim.P. 311,, a trial court can, on its own motion, conduct a pre-trial conference, accept evidence by stipulation and make rulings on that evidence or rulings on legal questions. Although, Appellees' briefs refer to the court's granting their demurrer to the Commonwealth's evidence, the Court made it very clear that it

wealth to a legal determination of what was a pre-trial conference and not an adjudication on the merits. Because no trial proceedings had begun when the court made the legal ruling, jeopardy had not yet attached. *Commonwealth v. Davis*, 247 Pa.Super. 450, 454 n. 5, 372 A.2d 912, 914 n. 5 (1977).

Order reversed and remanded for proceedings on the merits.

Jurisdiction relinquished.

was, in fact, ruling on a purely legal issue and was granting a Motion to Dismiss and not sustaining a demurrer. (Tr. Trans. p. 23).