679 A.2d 775

COMMONWEALTH of Pennsylvania, Appellee,

v.

Maurice SOLOMON a/k/a Maurice Soloman, Appellant.

Superior Court of Pennsylvania.

Submitted April 10, 1996.

Filed May 28, 1996.

240

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following appellant's conviction on the charges of involuntary manslaughter, criminal conspiracy and carrying a firearm without a license. On appeal, appellant raises the following two issues, both of which are issues of first impression in the appellate courts of this Commonwealth: 1) Did the trial court err in failing to conduct a hearing prior to the sentencing of appellant to determine whether he was amenable to the juvenile system? 2) Did the trial court err in determining that appellant had the burden of proof to establish that he was amenable to the juvenile system once he was found not guilty of murder? After a careful review of the record, the parties' briefs and the applicable law, we affirm.

The record discloses the following facts and procedural history: On March 4, 1994, at approximately 5:20 p.m., Tronda Owens was shot and killed as she stood at the kitchen sink of her residence in Pittsburgh, Pennsylvania. Ms. Owens was preparing dinner for her family when a single .32 caliber bullet penetrated the kitchen window and entered the right temporal area of her head. Ms. Owens died instantly.

Earlier that day, Ms. Owens' sixteen-year-old daughter, Carol Anne, was playing in the front yard of the family's

residence. Two of Carol Anne's friends, Camille Cox and Shawna Kelly, were also in the family's front yard. While Carol Ann was playing with her friends, appellant, who was seventeen years and eight months old, and John Payne approached the house. Both men were dressed in black clothing. Carol Ann and her friends were all dressed in "Blood" gang colors. When the three females saw the two men, they flashed "Blood" gang signs to them. The men responded by flashing the signs of their gang, Larimer Avenue–Wilkinsburg (LAW). Appellant and Payne then left the area.

Approximately twenty minutes later, Carol Ann and her friends were inside the family's residence on the second floor. From an upstairs window, Carol Ann saw Payne pull a "black and long" gun from his pants. Carol Ann then decided to go outside of her residence. Upon doing so, she discovered that appellant and Payne were no longer in front of her residence. Carol Ann then proceeded to an Amoco gas station in her neighborhood. There, she saw appellant and fled the scene. Testimony established that the shooting of Carol Anne's mother occurred shortly after this event.

Appellant was later arrested for the murder of Ms. Owens and was charged with criminal homicide, criminal conspiracy and carrying a firearm without a license. Appellant was tried by a jury and was convicted of involuntary manslaughter, criminal conspiracy and carrying a firearm without a license. Prior to sentencing, pursuant to 42 Pa.C.S.A. § 6322(b), appellant made an oral motion to transfer the case to juvenile court for sentencing.[1] The trial court denied appellant's motion without holding a transfer hearing. Appellant was then sentenced by the trial court to an aggregate term of four to ten years incarceration. This appeal followed.

■ Appellant argues that after he was convicted of a crime less than murder, pursuant to 42 Pa.C.S.A. § 6322(b), the trial court was required to hold a hearing to determine whether he

---

1. Because appellant was under the age of eighteen when he committed the offense, he was considered a child pursuant to 42 Pa.C.S.A. § 6302(1).

was amenable to treatment in the juvenile system.[2] We disagree.

42 Pa.C.S.A. § 6322(b) provides, in pertinent part, that "[i]f in a criminal proceeding charging murder the child is convicted of a crime less than murder, the case *may* be transferred for disposition to the division or a judge of the court assigned to conduct juvenile hearings." (emphasis added). From the language of the act, it is clear that the trial court is not required to conduct a hearing to determine whether a case should be transferred to juvenile court for the sentencing phase. Rather, at the sentencing phase, the trial court *may* assign the case for a juvenile hearing.

Appellant's reliance on *Commonwealth v. Reed,* 435 Pa.Super. 304, 645 A.2d 872 (1994), and *Commonwealth v. Morningwake,* 407 Pa.Super. 129, 595 A.2d 158 (1991), for the proposition that the trial court was required to conduct a hearing in this case is misplaced. Both cases indicate that under 42 Pa.C.S.A. § 6322(a), the court *shall* conduct a hearing to determine if the juvenile should be *tried* within the juvenile system. However, in this case, appellant is not contesting the trial court's failure to conduct a hearing prior to trial. Rather, appellant's argument is that after conviction, but prior to sentencing, the trial court was required to conduct a hearing to determine whether appellant was amenable to the juvenile system. As previously discussed, pursuant to Section 6322(b), it was within the trial court's discretion to conduct a juvenile hearing prior to sentencing. Accordingly, we must determine whether the trial court abused its discretion in failing to conduct a hearing in this case prior to sentencing to determine whether appellant was amenable to the juvenile system.

2. We note that the Commonwealth argues that appellant has waived his present claim to a hearing by failing to raise and argue at trial the theory now urged on appeal. Pursuant to our supreme court's holding in *Commonwealth v. Williams,* 514 Pa. 62, 522 A.2d 1058 (1987), we find that appellant's request for a transfer to the juvenile system prior to sentencing was sufficient to preserve the issue for appeal.

■ "[An abuse of discretion] may not merely be an error of judgment, but must be a misapplication of the law or an exercise of manifestly unreasonable judgment based upon partiality, prejudice, or ill will." *Commonwealth v. Zoller*, 345 Pa.Super. 350, 498 A.2d 436, 439 (1985). We can rule out partiality, prejudice, or ill will, as none appeared or was alleged in this case. This leaves us primarily with a consideration as to whether the trial court committed a gross abuse of discretion in the nature of a misapplication of the law.

■ A review of the Juvenile Act [3] indicates that the legislature has not set forth explicitly the factors to be utilized by the trial court in determining whether a hearing should be held or a case transferred prior to sentencing pursuant to Section 6322(b). However, the statute clearly sets forth the factors to be considered in determining whether a case should be transferred to the juvenile system prior to trial pursuant to Section 6322(a). These factors are listed in Section 6355(a)(4)(iii)(A) and address the issue of when a defendant is amenable to the juvenile system. The Juvenile Act also provides that in determining whether a juvenile's case should be transferred from juvenile court for a criminal proceeding, the factors set forth in Section 6355(a)(4)(iii)(A) are to be applied. Applying the rules of statutory construction found in the Statutory Construction Act,[4] we find that it was the legislature's intent that the trial court would also utilize the factors set forth in Section 6355(a)(4)(iii)(A) in determining whether a juvenile is amenable to the juvenile system prior to sentencing. *See In re Pittsburgh Beer Corp.*, 216 Pa.Super. 71, 260 A.2d 493 (1969) (holding that Statutory Construction Act applies when statute does not define meaning of key terms). To hold otherwise would render the Juvenile Act internally inconsistent. *See Commonwealth v. Ness*, 341 Pa.Super. 225, 491 A.2d 234 (1985).

Accordingly, we must determine whether the trial court utilized properly the factors set forth in 42 Pa.C.S.

3.  42 Pa.C.S.A. §§ 6301 *et seq.*

4.  1 Pa.C.S.A. §§ 1501 *et seq.*

§ 6355(a)(4)(iii)(A) in denying appellant's request for a transfer, and whether the trial court had sufficient information available to deny appellant's request for a transfer without a prior hearing.

In its opinion, the trial court indicated that it considered the factors set forth in 42 Pa.C.S. § 6355(a)(4)(iii)(A) in denying appellant's request for a hearing. In applying these factors to the present case, the trial court stated the following:

> In the instant case, Solomon was a mere three months from age eighteen at the time of his offense, well over eighteen at the time of his sentence. A review of Solomon's presentence report reveals a juvenile record that resulted in a substantial effort at rehabilitation. Moreover, Solomon demonstrated that he is not lacking in mental capacity, as he achieved average grades when he attended school, eventually earning a G.E.D. diploma. In short, no reasonable basis existed to transfer Solomon's case to Juvenile Court, and he was therefore properly sentenced as the adult that he is.

Trial Court Opinion p. 7.

From the record, it is clear that prior to denying appellant's request for a transfer, the trial court carefully examined appellant's pre-sentence report. Contained within this report was information regarding appellant's prior criminal history, family background, educational history, psychological history, age, information concerning prior attempts at rehabilitation and abuse of alcohol and narcotics history. Appellant concedes that this information was available and utilized by the trial court in denying his request for a transfer. However, appellant argues that given the benefit of a hearing, he would have been able to present additional evidence for the trial court's consideration. Specifically, appellant argues that if the trial court would have conducted a hearing prior to denying his request for a transfer, "he would have been able to introduce additional evidence and witnesses not identified in the pre-sentence report." Appellant's Brief p. 21 n. 8.

We find that prior to sentencing, the trial court had sufficient information available to deny appellant's request for a transfer without conducting a hearing. The trial court had available extensive information concerning the factors found in Section 6355(a)(4)(iii)(A), which we find the court properly used in determining that appellant was not amenable to the juvenile system. Appellant's bald assertion on appeal that he would have been able to introduce additional evidence and witnesses if the trial court had conducted a hearing is insufficient. Appellant has failed to demonstrate specifically what evidence and which witnesses he would have presented at a hearing. We further note that at the sentencing hearing the trial court asked appellant and his counsel whether they had additional evidence or testimony to present to the court. Appellant and his counsel both replied in the negative. Accordingly, we find that the trial court exercised sound discretion in determining whether appellant was amenable to the juvenile system without conducting a hearing.

■ Appellant argues that assuming *arguendo* that the trial court was not required to conduct a hearing to determine whether appellant was amenable to the juvenile system, this Court must find that the trial court's denial of his request for transfer was improper because the trial court based its denial on the assumption that appellant had the burden of proving that he belonged in a juvenile setting. Section 6322(b) of the Juvenile Act does not indicate whether the burden of proof is on the Commonwealth or the juvenile in this matter, and there is no case law directly on point. In addition, after reviewing the trial court's opinion, we cannot conclude whether the trial court assumed that appellant or the Commonwealth had the burden of proving that appellant was amenable to the juvenile system. In any event, assuming *arguendo* that appellant is correct in asserting that the Commonwealth had the burden of proving that appellant should not be sentenced by the juvenile system, and, therefore, that the trial court erred in placing the burden of proof on appellant, we must still conclude that the trial court's denial of appellant's request for a transfer was not an abuse of discretion.

We have reviewed the record and the trial court's opinion and find that the trial court carefully scrutinized appellant's personal make-up, previous history and the nature and circumstances of the crimes committed by him. *See Morningwake, supra* (holding that the trial court must consider these factors in denying appellant's petition to transfer prior to trial). Based on the information presented, the trial court determined that appellant had committed numerous prior crimes, that attempts at rehabilitation had failed and that appellant was mentally competent. The court further noted that appellant was eighteen years and six months old at the time of sentencing, making it unlikely that appellant could be effectively rehabilitated within the period of time within which Juvenile Court has jurisdiction. There was also evidence that appellant had been under the supervision of the juvenile system since 1986 and that he demonstrated worsening, rather than improving, behavior. While prior to 1993 a caseworker described appellant as cooperative and polite, by 1994 he was described as "non-compliant, oppositional and aggressive." It was also reported by a caseworker that appellant intimidated his peers and dressed in gang-related colors. From this information, the trial court could properly conclude that appellant's deteriorating behavior tended to demonstrate that appellant was not amenable to treatment in the juvenile system. *See Commonwealth v. Rush*, 522 Pa. 379, 562 A.2d 285 (1989). Accordingly, we find that the trial court's refusal to transfer appellant's case for sentencing in the juvenile system was not an abuse of its discretion.

For all of the foregoing reasons, the judgment of sentence is affirmed.

Affirmed.