685 A.2d 571

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**John Bruce MAYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 1996.

Filed Nov. 8, 1996.

Charles E. Sieger, Jr., Allentown, for appellant.

Robert L. Steinberg, District Attorney, Allentown, for appellee Com.

Before DEL SOLE, BECK and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lehigh County following

appellant's conviction on six counts of aggravated assault, three counts of attempted criminal homicide, two counts of criminal mischief, four counts of recklessly endangering another person, five counts of simple assault, one count of carrying a firearm without a license and one count of possessing an instrument of crime. On appeal, appellant contends the following: (1) The trial court abused its discretion in failing to order further examination of him on the issue of his competency to stand trial; and, (2) The United States Supreme Court's holding in *Cooper v. Oklahoma*, —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), affords him relief. We affirm.

The record discloses the following pertinent facts and procedural history: On December 5, 1993, appellant "opened fire" with a semi-automatic weapon on a crowd of people leaving the Zodiac Club in Allentown, Pennsylvania. As a result, five people suffered gunshot wounds. Appellant was later arrested and various charges were filed against him. Prior to trial, appellant's court-appointed attorney hired a psychiatrist, Allan M. Tepper, to evaluate appellant's mental competency to stand trial. At a hearing held on January 3, 1995, appellant's trial counsel requested that the trial court find appellant incompetent to stand trial, and moved that a further competency examination be conducted pursuant to 50 P.S. § 7402(d). The trial court was presented with a report containing Mr. Tepper's evaluation of appellant's competency to stand trial. The trial court then questioned defense counsel concerning appellant's competency and questioned appellant concerning his willingness to proceed with an additional competency examination. During questioning, appellant indicated that he objected to further examination of his competency to stand trial. The trial court determined that further examination of appellant's competency to stand trial was unwarranted because appellant's trial counsel failed to establish a prima facie question of incompetency. Appellant was later tried by a jury and he was convicted on all charges. This appeal followed.

Appellant's first contention is that the trial court abused its discretion in failing to order further examination of

him on the issue of his competency to stand trial. Appellant does not claim specifically that he was incompetent to participate in his trial. Rather, he argues that further examination was required to ensure that he was competent. We find that pursuant to 50 P.S. § 7402(d) the trial court did not abuse its discretion in failing to order further examination of appellant's competency to stand trial.[1]

██ "[A] conviction of an accused person while he is legally incompetent violates due process." *Commonwealth v. Knight*, 276 Pa.Super. 348, 419 A.2d 492, 496 (1980) (citation omitted). "A person is incompetent to stand trial where he is 'substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense.'" *Commonwealth v. Sam*, 535 Pa. 350, 635 A.2d 603, 606 (1993) (quoting 50 P.S. § 7402(a)) (citations omitted). "Application to the court for an order directing an incompetency examination may be presented by an attorney for the Commonwealth, a person charged with a crime, [or] his counsel. . . ." 50 P.S. § 7402(c).

> [Moreover,] [t]he court, either on application or on its own motion, *may* order an incompetency examination . . . and may do so without a hearing unless the examination is objected to by the person charged with a crime or by his counsel. In such event, an examination shall be ordered *only* after determination upon a hearing that there is a prima facie question of incompetency.

50 P.S. § 7402(d) (emphasis added).

██ In this case, appellant's trial counsel requested an examination as to appellant's competency to stand trial. The

---

1. We note that under the mandates of 50 P.S. § 7402(d) "the court . . . may order an incompetency examination. . . ." This language is clearly advisory rather than mandatory in nature. *Commonwealth v. Megella*, 268 Pa.Super. 316, 408 A.2d 483 (1979). Accordingly, we find that the trial court's failure to order a competency examination must be evaluated according to the abuse of discretion standard. *Commonwealth v. Solomon*, 451 Pa.Super. 239, 679 A.2d 775 (1996) (holding that the legislature's use of the word "may" indicates that an abuse of discretion standard is to be used in evaluating a trial court's action or inaction under the statute); *Megella, supra.*

trial court held a hearing on January 3, 1995, to determine whether such an examination should be held. At the hearing, appellant (the person charged with the crime) objected to any further incompetency examination. N.T. 1/3/95 p. 15. At this point, since appellant objected to any further incompetency examination, the trial court was permitted to order such an examination only if it determined that a prima facie question of incompetency was established. Based on a report containing Mr. Tepper's evaluation of appellant, a colloquy with appellant's trial counsel and an extensive colloquy with appellant, the trial court determined that a prima facie question of incompetency had not been established, and, consequently, it denied appellant's trial counsel's motion for a competency examination. We find that this was not an abuse of the trial court's discretion.

In his report, Mr. Tepper indicated that he conducted two psychological evaluation sessions with appellant. Based on these sessions, the psychiatrist concluded the following about appellant's ability to proceed with his trial:

Mr. Mayer understands the roles and functions of the various courtroom personnel. He understands the role of a judge, defense attorney, district attorney and the jury. He has an intellectual understanding of the difference between a judge trial and a jury trial. He is aware of the various charges which have been lodged against him, and he is also aware of the potential consequences of being found guilty. He is aware that if found guilty on one or more of these charges, he could be incarcerated for an extended period of time.

As outlined above, Mr. Mayer is capable of speaking to others on a one-to-one basis. He is aware of who he is, where he is, and what is going on around him. In this way, he can be described as being oriented to time, place, and person. Although, at times, he becomes more agitated regarding his case, he is able to carry on a one-to-one conversation . . . .

In light of these factors, it can be stated that from a psychological perspective, Mr. Mayer is experiencing diffi-

culties cooperating and communicating with his attorney in helping to formulate a rationale defense in his case. Once again, Mr. Mayer is able to speak about certain past and present thoughts and feelings. However, he is much less able to speak about what he perceives to have been a catastrophic event which occurred to him in 1981; the sequaelae [sic] of this event leading up through the incident in this matter.

Psychological Evaluation 12/29/94 pp. 5–6. At the January 3, 1995 hearing, the trial court conducted a colloquy with appellant. During this colloquy, appellant expressly indicated that he understood the nature of the charges against him. He then indicated that he had informed both the psychiatrist and his attorney that there were certain past events and feelings which he was not going to discuss with them. Appellant informed the court that he was not having difficulty communicating with his attorney but that there were certain things he was not willing to discuss with others, even if it meant that non-disclosure of past events and feelings would injure his defense. Appellant further indicated that he understood that his trial counsel felt that he should communicate more openly with him but again he indicated that there were certain things he was not willing to discuss with others.

Based on the psychiatrist's report and the colloquy with appellant, the trial court determined that appellant's apparent lack of cooperation and failure to heed his counsel's advice did not establish a prima facie case for legal incompetency. We agree, and, consequently, find that the lower court did not abuse its discretion in failing to order further examination of appellant concerning his competency to stand trial. *Commonwealth v. Banks*, 513 Pa. 318, 521 A.2d 1 (1987) (defendant's ability to cooperate and not whether he is actually cooperating is essential to a determination of legal competency to stand trial).

Appellant's final contention is that the United States Supreme Court's recent holding in *Cooper v. Oklahoma*, —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), affords him relief. Specifically, appellant contends that Section 7402(d)

violates his due process rights because it places on him the burden to establish a prima facie case of incompetency before an examination can be ordered by the trial court. We disagree.

First, appellant has misconstrued the meaning of Section 7402(d). Under this Section, the burden of establishing a prima facie case of incompetency before an examination could be ordered was not placed on appellant. Rather, because appellant's trial counsel requested the hearing, the burden was placed on counsel to show that a competency examination was necessary, despite the fact that appellant objected to it.

Second, appellant has misapplied the principles enunciated in *Cooper* to the facts of this case. In *Cooper,* the Supreme Court held that a standard which presumes that a defendant is competent to stand trial unless he proves his incompetence by *clear and convincing evidence* places such an onerous burden on the defendant so as to violate his due process rights under the Fourteenth Amendment. However, the Supreme Court held that a standard which presumes that a defendant is competent to stand trial unless he proves his incompetence by a *preponderance of the evidence* does not violate his due process rights. The question we address today is quite different from the question posed in *Cooper.* Unlike in *Cooper,* in this case, the trial court did not use the clear and convincing standard, and, in fact, the court never determined whether appellant was competent to stand trial. Here, the trial court was requested by appellant's trial counsel to order a competency examination. In light of the fact that appellant objected to a competency examination, the trial court determined whether appellant's trial counsel had established a prima facie case of incompetency such as to permit an examination. Nowhere in *Cooper* does the Supreme Court indicate that a state violates a defendant's due process rights when it requires that a prima facie case of incompetency be established before competency examinations will be ordered where

the defendant objects to such examinations. Accordingly, we find appellant's contention to be meritless.

Judgment of sentence affirmed.