J-S46039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GEORGE MCDUFFIE, | : | |
| | : | |
| Appellant. | : | No. 2695 EDA 2017 |

Appeal from the PCRA Order, June 27, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0109521-2001,
CP-51-CR-0109531-2001.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED OCTOBER 26, 2018**

George McDuffie appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.   We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On the afternoon of November 6, 2000, two rival groups of teenagers were among the onlookers at the filming of a rap video: [McDuffie] and several of his friends, and another group with whom [McDuffie] was feuding.  As the [three-member] rival group left at [McDuffie's] approach, he followed, firing five shots at their retreating backs.  One of his targets was struck in the shoulder, another in the thigh. [Another male was not hit by any of the bullets.]  The victims identified [McDuffie] to police who were present at the filming.  One month later, on December 9, 2000, officers responding to a radio call about a disturbance recognized [McDuffie]  from  a  photograph  and  warrant,  and

apprehended him as he fled. He denied having fired at anyone.

**Commonwealth v. McDuffie**, 968 A.2d 793 (Pa. Super. 2009), unpublished memorandum at 1-2.

On October 31, 2001, a jury convicted McDuffie on three counts each of aggravated assault, attempting to cause or causing serious bodily injury with a deadly weapon, and one count of possession of an instrument of crime. On December 19, 2001, the trial court imposed an aggregate sentence of fifteen to thirty years of imprisonment, and a consecutive five-year probationary term. After the restoration of his appellate rights *nunc pro tunc*, McDuffie filed an appeal to this Court and, on January 28, 2009, we affirmed his judgment of sentence. **McDuffie**, **supra**. On October 9, 2009, our Supreme Court denied McDuffie's petition for allowance of appeal. **Commonwealth v. McDuffie**, 982 A.2d 65 (Pa. 2009).

On April 12, 2010, McDuffie filed a *pro se* PCRA petition, and filed an amended petition on March 10, 2011. The PCRA court appointed counsel, who, on May 19, 2017, filed a "no-merit" letter and petition to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon PCRA counsel's conclusion that McDuffie's petition was without merit.[1]

---

[1] Other than a change of counsel, and several continuances, the reasons for the over six-year delay in the PCRA proceedings is not clear from our review of the certified record.

On June 5, 2017, the PCRA Court issued Pa.R.Crim.P. 907 notice of intent to dismiss, as meritless, McDuffie's petition without a hearing. McDuffie did not file a response. By order dated June 27, 2017, the PCRA court granted PCRA counsel's motion to withdraw, and dismissed McDuffie's amended PCRA petition as meritless. This timely *pro se* appeal followed. Both McDuffie and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, McDuffie claims that the PCRA court erred in dismissing his amended petition without a hearing because he raised the following five meritorious claims of ineffective assistance of counsel: 1) the failure to submit and investigate an alibi defense; 2) the failure to object to the trial court's use of an impermissible factor when sentencing him; 3) in withdrawing his pre-trial decertification motion, and in the failure to seek a transfer to juvenile court following acquittal of the most serious charge; and 4) the failure to object to prosecutorial misconduct during his sentencing hearing. In addition, McDuffie claims that PCRA counsel was ineffective for filing a ***Turner/Finley*** letter and determining that his amended PCRA petition was meritless. ***See*** McDuffie's Brief at 4.

As this Court has reiterated:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court.

- 3 -

However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (citations omitted).

Because McDuffie's claim challenges the stewardship of prior counsel, we apply the following principles.[2] The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on the PCRA petitioner. *Id.* To satisfy this burden, the petitioner must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonably probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the PCRA petitioner's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

In assessing a claim of ineffectiveness, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the

---

[2] Although McDuffie presents a majority of his arguments as layered claims of ineffectiveness, there was no need to do so. Generally, claims of trial counsel's ineffectiveness must await collateral review. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002).

claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. ***Commonwealth v. Douglas***, 645 A.2d 226, 231 (Pa. 1994). Even if counsel had no reasonable basis for the course of conduct pursued, however, a PCRA petitioner is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. ***Douglas***, 645 A.2d at 232.

Here, McDuffie first claims that trial counsel was ineffective for failing to submit and investigate an alibi defense. He avers that trial counsel was aware of "alibi evidence (video tape of rap music video showing [him] dancing at the time of the crime)." McDuffie's Brief at 11. According to McDuffie, "had the videotape been retrieved and produced/presented to the jury along with [testimony from him and his witness] there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** at 12.

McDuffie cannot establish prejudice. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. ***See generally***, ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981). Within his PCRA petition McDuffie has proffered no evidence that the rap music video actually exists. Absent such evidence, McDuffie's ineffective assistance claim is based on mere speculation. ***See Commonwealth v. Hall***, 867 A.2d 619, 632 (Pa. Super. 2005) (affirming the dismissal of an

ineffectiveness claim based in part on a video because Hall failed to sufficiently plead the existence of a video). Moreover, as McDuffie acknowledges, both he and his witness testified at trial that McDuffie was participating in a music video when the shooting occurred. McDuffie's Brief at 12. Therefore, the jury was made aware of McDuffie's alibi. Thus, McDuffie's first ineffective assistance claim fails.

In his second claim, McDuffie argues that trial counsel was ineffective for failing to object to the trial court's reliance upon an impermissible factor when sentencing him. He avers that the trial court relied upon a fact not of record when it accepted as true the prosecutor's representation that one of the shooting victim's still had a bullet lodged in his back. He then cites the trial testimony wherein that victim testified that the bullet was extracted. ***See*** McDuffie's Brief at 14 (citing N.T., 10/31/01, at 209). According to McDuffie, "had [prior counsel] raised said issue on post-verdict motions and/or on direct appeal[,] a new sentence would almost have been guaranteed." McDuffie's Brief at 15. We disagree.

Once again, McDuffie cannot establish prejudice; the record contains no evidence that the trial court imposed a harsher sentence on him solely because of its mistaken belief that a bullet remained in one of the victim's back. Indeed, in rejecting McDuffie's challenge to the discretionary aspects of his sentence on appeal, this Court found numerous reasons supported the trial court's sentencing him in the aggravated range:

The trial judge here explained that he was aware of [McDuffie's] background as reflected in the pre-sentence report, and was sentencing [McDuffie] above the aggravated range of the guidelines for three counts of second degree felony aggravated assault because [McDuffie] was firing at his victims' backs as they attempted to avoid him, because he was firing in a densely populated area, and because prior attempts to rehabilitate [McDuffie] had failed. The sentence was therefore not, as [McDuffie] insists, based solely on the seriousness of the crimes, or on a circumstance already factored into the guideline sentence, namely the use of a gun. The court declined to accept [McDuffie's] attempted justification of his actions as retaliation for the victims' behavior toward him.

As to the degree of harm suffered by the victims, the trial court noted that the jury had found not "serious bodily injury," but "bodily injury." The court stated its intention to sentence [McDuffie] on the basis of the lesser degree of severity, despite its disagreement with the jury's conclusion.

*McDuffie*, unpublished memorandum at 4.

As noted above, McDuffie was sentenced on the basis of the lesser degree of severity, that is, aggravated assault based upon only bodily injury. As such, McDuffie cannot establish that the court's reliance on the mistaken fact affected the length of the sentences imposed. Thus, this ineffectiveness claim fails.

In his third claim, McDuffie claims that trial counsel was ineffective for both withdrawing his original motion to decertify the charges from adult court, and for failing to seek to transfer the lesser charges to juvenile court for sentencing, once he was acquitted of the most serious charge, first-degree felony aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). According to McDuffie, counsel's action and omission "prejudiced him severely" because he would not

have been tried as an adult, and would have received a sentence in accordance with the juvenile court's jurisdiction. McDuffie's Brief at 16.

At the time the charges were filed, McDuffie was approximately seventeen years and four months old. *See Turner/Finley* Letter, 5/9/17, at 8. Although his original counsel filed a decertification petition, new counsel subsequently withdrew it. In order to prove that he was prejudiced by counsel's action, McDuffie needed to proffer evidence to demonstrate that his case would have been transferred had counsel proceeded with the decertification petition. *Fulton*, *supra*. He did not do so. Thus, McDuffie's claim of ineffectiveness fails on this basis.

McDuffie cites this Court's decision in *Commonwealth v. Solomon*, 679 A.2d 775 (Pa. Super. 1996), to support his claim that trial counsel was ineffective for failing to seek to transfer his case for sentencing to the juvenile court, once he was acquitted of aggravated assault, graded as a first-degree felony. In *Solomon*, after he was convicted of involuntary manslaughter, the seventeen-years-and-eight-months-old Solomon, prior to sentencing, made an oral motion pursuant to 42 Pa.C.S.A. § 6322(b) of the Juvenile Act to transfer his case to the juvenile court for sentencing. The trial court denied the motion without holding a transfer hearing, and Solomon appealed to this Court. Solomon claimed that, because he was convicted of a crime less than murder, the trial court was required to hold a hearing to determine whether he was amenable to treatment in the juvenile system. We disagreed, and

concluded, that the trial court, in its discretion, could decide the merits of the transfer petition without first holding a hearing.

At the time of the **Solomon** decision, Section 6322(b) applied only to cases where the juvenile was acquitted of murder. The Pennsylvania Legislature amended this section of the Juvenile Act in 1995, to permit transfer to juvenile court only when the juvenile was convicted of a misdemeanor and the Commonwealth agreed to the transfer. 42 Pa.C.S.A. § 6322(e). Here, McDuffie's aggravated assault convictions were second-degree felonies, rather than misdemeanors. Thus, McDuffie's case was ineligible for transfer. As we have previously held, trial counsel cannot be deemed ineffective for failing to pursue this meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

McDuffie's fourth claim of trial counsel's ineffectiveness requires little discussion. According to McDuffie, trial counsel did not object to an instance of prosecutorial misconduct at sentencing when the prosecutor "intentionally, knowingly and willingly misled" the trial court in its erroneous belief that one of the victims still had a bullet lodged in his back. McDuffie's Brief at 17. As noted above, the record is devoid of any evidence that the prosecutor intentionally misrepresented this fact. Nevertheless, as we have already concluded, McDuffie has not proven that any such mistake of fact adversely affected the trial court's sentencing choice.

Finally, McDuffie also asserts that PCRA counsel was ineffective for failing to file an amended petition, rather than a **Turner**/**Finley** letter. McDuffie had the opportunity to raise this claim in response to the PCRA court's Rule 907 notice of intent to dismiss his petition. **See Commonwealth v. Pitts**, 981 A.2d 875, 879-80 n.3 (Pa. 2009). Because he did not do so,[3] his claim of PCRA counsel's ineffectiveness is inappropriately being raised for the first time on appeal. **See** Pa.R.A.P. 302(a). Nevertheless, because we have concluded that all of McDuffie's trial counsel ineffectiveness claims fail, even if preserved, McDuffie's further claim regarding PCRA counsel's ineffectiveness would have had no merit.

In sum, none of the ineffectiveness claims raised by McDuffie entitles him to relief. We therefore affirm the PCRA Court's order denying his amended PCRA petition.

Order affirmed.

---

[3] McDuffie attached to his brief a copy of a letter dated June 18, 2017, in which he appears to object to PCRA counsel's **Turner**/**Finley** letter. This letter bears no time-stamp and does not appear in the certified record. Thus, we cannot consider it. **See Commonwealth v. Garvin**, 50 A.3d 694, 700 n.8 (Pa. Super. 2012) (reiterating that, "for purposes of appellate review, what is not in the certified record does not exist.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/18