664 A.2d 597

**COMMONWEALTH of Pennsylvania**

v.

**Robert Wesley AUSTIN, Appellant.**

Superior Court of Pennsylvania.

Argued June 27, 1995.

Filed Aug. 29, 1995.

Garrett D. Page, Norristown, for appellant.

Maria L. Durante, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before ROWLEY, P.J., and HUDOCK, and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered after appellant pled guilty to third degree murder and criminal conspiracy. We affirm.

On August 27, 1994, at 1:40 a.m., appellant and two accomplices attacked a pedestrian who was under the influence of alcohol and unable to defend himself. Appellant punched the victim twice, causing him to fall to the pavement. As the victim lay on the ground, one of appellant's co-conspirators

repeatedly kicked the victim's head while appellant and the other accomplice rummaged through the victim's possessions. The victim died of a cerebral hemorrhage caused by the blows inflicted during this attack.

Appellant was arrested and charged with both second and third degree homicide. Prior to trial, appellant filed a petition to transfer his case from the Criminal Division of the Court of Common Pleas to the Juvenile Division. The Honorable Marjorie C. Lawrence held a hearing on the motion on December 15–16, 1994 and subsequently refused to transfer the case. Appellant's birthdate is November 13, 1977. He was sixteen years, nine months of age at the time of the attack, and seventeen years, one month at the time of the decertification hearing.

Following two days of a jury trial, appellant entered a guilty plea to third degree murder [1] and conspiracy to commit robbery.[2] On January 20, 1995, the lower court sentenced appellant to serve ten (10) to twenty (20) years imprisonment for the murder, with a consecutive term of five (5) to ten (10) years for conspiracy. A timely notice of appeal followed on January 27, 1995. Appellant now presents one issue for our consideration: whether the trial court erred and/or committed a gross abuse of discretion in denying transfer of the case to Juvenile Court. This question is jurisdictional, and therefore cannot be waived by the juvenile's entry of a guilty plea. *Commonwealth v. Reed*, 435 Pa.Super. 304, 313–14, 645 A.2d 872, 876–77 (1994) (*en banc*), *appeal denied*, 540 Pa. 630, 658 A.2d 794 (1995).

The decision whether to grant an application for transfer to the Juvenile Court of a minor charged with murder is within the sound discretion of the hearing judge. *Commonwealth v. Morningwake*, 407 Pa.Super. 129, 135, 595 A.2d 158, 161, *appeal denied*, 529 Pa. 618, 600 A.2d 535 (1991).

A juvenile seeking transfer of a murder case to Juvenile Court has the burden of proving he belongs in a juvenile

1. 18 Pa.C.S.A. § 2502(c).

2. *Id.* § 903(a)(1).

setting by showing his need for and amenability to a program with supervision, care and rehabilitation such as that which he would receive as a juvenile. The determination of whether a juvenile is amenable to the juvenile system is to be made only after a careful scrutiny of the individual's personal make-up, previous history and the nature and circumstances of the alleged homicide.

*Id.* An abuse of discretion which will warrant reversal of the trial court's decision to retain a murder case in the Criminal Division may not merely be an error of judgment, but must be a misapplication of the law or an exercise of manifestly unreasonable judgment based upon partiality, prejudice or ill will. *Commonwealth v. Reed,* 435 Pa.Super. at 315, 645 A.2d at 877 (citing *Commonwealth v. Romeri,* 314 Pa.Super. 279, 291, 460 A.2d 1139, 1145, *aff'd,* 504 Pa. 124, 470 A.2d 498 (1983), *cert. denied,* 466 U.S. 942, 104 S.Ct. 1922, 80 L.Ed.2d 469 (1984)).

When murder is charged, treatment as a "youthful offender" does not arise as a matter of right; rather, it must be sought under section 6322(a) of the Juvenile Act. *Id.* at 314, 645 A.2d at 877. In determining whether to transfer a case charging murder, section 6322(a) requires the trial court to apply the specific factors listed in section 6355(a)(4)(iii)(A) of the Juvenile Act. According to this statutory provision, the trial judge must have reasonable grounds to believe that all of the following criteria exist in order to retain the case in Criminal Division:

(A) That the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, even though there may not have been a prior adjudication of delinquency. In determining this the court shall consider the following factors:

Age.

Mental capacity.

Maturity.

The degree of criminal sophistication exhibited by the child.

Previous records, if any.

The nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the Juvenile Court to rehabilitate the child.

Whether the child can be rehabilitated prior to the expiration of the Juvenile Court jurisdiction.

Probation or institutional reports, if any.

The nature and circumstances of the acts for which the transfer is sought.

Any other relevant factors.

42 Pa.C.S.A. 6355(a)(4)(iii)(A). However, the *child* bears the burden of demonstrating that he or she is amenable to treatment, supervision or rehabilitation as a juvenile by demonstrating that he or she meets the section 6355 factors. 42 Pa.C.S.A. § 6322(a). In the event that the evidence does not affirmatively demonstrate that the accused is the kind of youth who would benefit from the special features and programs of the juvenile court system, and in the event no special reason exists for sparing him or her from adult prosecution and punishment, jurisdiction would necessarily remain within the criminal court system. *Commonwealth v. Pyle,* 462 Pa. 613, 622–23, 342 A.2d 101, 106–07 (1975).[3]

In this case, the trial judge was well aware of the correct standard governing her decision. In her opinion on appellant's motion for transfer to Juvenile Division, Judge Lawrence explicitly listed all the pertinent factors under section 6355. She then analyzed specific facts relating to appellant's background and the history of this case as they apply to each criterion. Judge Lawrence first stated that appellant was sixteen years, nine months of age at the time of the victim's murder, and seventeen years and one month at the time of the transfer hearing. She found that the evidence showed appellant to possess above average intelligence, and to be mature beyond his chronological years. Appellant demon-

---

3. The *Pyle* court explained that evidence of mental illness or retardation would constitute a "special reason" for remanding a murder prosecution to Juvenile Division. 462 Pa. at 622–23, 342 A.2d at 106–107.

strated a reasonable degree of criminal sophistication in that he conceived the idea of robbing the victim, and was the person who struck the first blow.[4] Although appellant had no prior juvenile record, he did have two minor encounters with police.[5]

The trial court noted that none of the witnesses recounted any emotional or behavioral problems on appellant's part, and cited expert testimony by a defense psychiatric witness to the effect that appellant has great potential for becoming a law abiding citizen. However, this expert further testified that appellant will require intensive counseling which would take at least three years. Furthermore, the psychiatrist conceded that rehabilitation could actually take longer than three or four years. Judge Lawrence was most troubled by the psychiatrist's statement that appellant's behavior did not stem from any identifiable emotional problem. *See Commonwealth v. Kocher*, 529 Pa. 303, 315, 602 A.2d 1308, 1315 (1992) (trial court may find the fact that a juvenile charged with murder has a sound mind free of disease or defect weighs against transfer of the case to Juvenile Division). The trial judge then addressed other factors she found relevant, such as the troubled marital history of appellant's mother and its impact on appellant.

Judge Lawrence concluded that the evidence appellant presented failed to demonstrate that he belongs in the juvenile system, or that he is amenable to the treatment, supervision or rehabilitation which the juvenile system offers. The trial judge does not disagree with appellant's assertions that his life

---

4. Appellant concedes that these facts are true, but urges us to interpret his acts as merely "stupid" or "thoughtless" and "uncalled for." We cannot agree, however, that appellant's behavior provides no indication of criminal sophistication. On the contrary, this argument merely supports the conclusion that appellant has avoided accepting responsibility for his part in causing the victim's death. Moreover, appellant's argument that he is not "as culpable as the 'actual perpetrator' who killed the victim" totally ignores the concept of accomplice liability which is well established in our law.

5. Appellant received a citation for disorderly conduct for playing loud music and, in a separate incident, was charged with driving without a license.

could benefit from structure, counseling and education. However, Judge Lawrence has reasonably noted that this is common to virtually all juveniles and young adults. Trial Court Opinion filed December 23, 1994 at 6. We have carefully inspected the certified record in the instant case, and find that it supports the conclusions reached by the court below. We find no indication that Judge Lawrence has misapplied Pennsylvania law, or demonstrated manifestly unreasonable judgment based upon partiality, prejudice or ill will. Consequently, we affirm her decision to deny the transfer of appellant's case to the Juvenile Division.

Judgment of sentence affirmed.