COMMONWEALTH of Pennsylvania,
Appellee,

v.

Anthony ARCHER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 28, 1998.
Filed Dec. 16, 1998.

Vincent M. Lorusso, Philadelphia, for appellant.

Mary L. Porto, Asst. District Atty., Philadelphia, for Com., appellee.

Before McEWEN, President Judge, and CAVANAUGH, DEL SOLE, KELLY, EAKIN, JOYCE, STEVENS, SCHILLER and LALLY–GREEN, JJ.

JOYCE, J.:

Anthony Archer, Appellant, appeals from the judgment of sentence entered on March 13, 1996. For the following reasons, we affirm. Before reaching the merits of this appeal, we will recount the relevant facts and procedural history.

On August 29, 1994, Appellant and two companions, Ollie Taylor [Taylor] and Khalis Edmonson [Edmonson] obtained a sawed-off .22 caliber rifle. N.T. Trial, 2/7/96, at 141. They met Antoine Saunders [Saunders] on the street. *Id.* at 143. Appellant had possession of the gun at this time. *Id.* When Saunders noticed the gun, he commented, "let's rob somebody." *Id.* at 143. As Appellant and these three co-defendants continued their perambulation, they met another co-defendant, Gregory Pennington. Appellant and the others approached the victim, Al–Moez Alimohamed, a twenty-seven year old graduate student from the University of Pennsylvania. Co-defendant Saunders pointed the gun at the victim while Appellant, Saunders and Taylor hit Alimohamed. *Id* at

147. The victim fell to the ground and he was kicked. As the co-defendants walked away, Taylor shot the victim. *Id.* at 149. Before he shot the victim, Taylor heard somebody say "bang him." *Id.* at 149. Saunders heard a similar comment, but thought that he heard Appellant make the statement. N.T. Trial, 2/6/96, at 161.

Appellant was charged with murder,[1] theft by unlawful taking,[2] robbery,[3] possession of instruments of a crime generally[4] and criminal conspiracy[5] to commit these various offenses. Appellant filed a pre-trial motion to quash the charge of first degree murder and a motion for decertification.[6] The trial court denied both of Appellant's motions. Appellant then proceeded to a trial by jury. On February 12, 1996, the jury found Appellant guilty of robbery, theft by unlawful taking, criminal conspiracy and possessing instruments of a crime generally. Appellant was acquitted of murder. At sentencing, Appellant presented a motion requesting that the court conduct a hearing regarding transferring the case to the juvenile division for disposition pursuant to 42 Pa.C.S.A. § 6322(b). The court denied the request for a hearing and refused to decertify the minor for disposition. N.T. Sentencing, 3/13/96, at 44. The court then sentenced Appellant to an aggregate sentence of fifteen (15) to thirty (30) years' imprisonment and imposed various fines. The trial court denied Appellant post-sentence motions on March 26, 1996. This timely appeal followed.

Appellant presents three claims for our review: (1) whether the lower court abused its discretion in denying Appellant's decertification motion pursuant to 42 Pa.C.S.A. § 6322(a); (2) whether the trial court abused its discretion in refusing to transfer the case for disposition by a juvenile court judge after the defendant had been acquitted of murder, pursuant to 42 Pa.C.S.A. § 6322(b) and; (3) whether the trial court utilized an incorrect offense gravity score in sentencing Appellant.

---

1. 18 Pa.C.S.A. § 2502.

2. 18 Pa.C.S.A. § 3921.

3. 18 Pa.C.S.A. § 3701.

4. 18 Pa.C.S.A. §§ 907, 908.

5. 18 Pa.C.S.A. § 903.

6. Appellant was 15½ years old at the time of the incident, and 17 years old at trial.

■ The Juvenile Act, 42 Pa.C.S.A. §§ 6301–6365,[7] sets forth procedures regarding the prosecution of delinquent acts committed by a juvenile. The Act [prior to the amendments] vests exclusive jurisdiction in the juvenile court when a minor has committed any offense other than murder. *Commonwealth v. Johnson*, 542 Pa. 568, 579, 669 A.2d 315, 321 (1995); 42 Pa.C.S.A. § 6322(a). However, when a minor is charged with murder, jurisdiction remains in the criminal division and any transfer from the criminal division to the juvenile division is within the sound discretion of the trial court. 42 Pa. C.S.A. § 6322(a).[8]

> It is clear from the language of the act that a transfer in a murder case is not a matter of right, and the determination of whether the interests of the state and society require prosecution as an adult is within the sound discretion of the trial court. Moreover, such abuse may not merely be an error of judgment, but must be a misapplication of the law or an exercise of manifestly unreasonable judgment based on partiality, prejudice or ill will.

*Johnson*, 542 Pa. at 568, 669 A.2d at 321. We will address Appellant's first issue in accordance with these standards.

In cases involving a murder charge, when a juvenile seeks a transfer from the criminal division to juvenile division, the "*child* bears the burden of demonstrating that he or she is amenable to treatment, supervision or rehabilitation as a juvenile by demonstrating that he or she meets section 6355 factors." *Commonwealth v. Austin*, 444 Pa.Super. 601, 664 A.2d 597, 599 (Pa.Super.1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1241 (1996) (emphasis original); 42 Pa.C.S.A. § 6322(a). If the court finds that the child is not amenable to treatment, supervision or rehabilitation as provided in the Juvenile Act, the criminal division shall retain jurisdiction. *Austin, supra.* 42 Pa.C.S.A. § 6355.

The court must consider all of the following factors when determining the minor's amenability to treatment: the age, mental capacity and maturity of the minor; the degree of criminal sophistication of the child; previous records, if any; the nature and extent of the delinquent history; whether the child can be rehabilitated prior to the expiration of the Juvenile Court jurisdiction; probation or institutional report; the nature and circumstances of the acts for which the transfer is sought; and any other relevant factors. *Johnson*, 542 Pa. at 579, 669 A.2d at 321. *See also* 42 Pa.C.S.A. § 6355(a)(4)(iii)(A).

In its opinion denying the Appellant's motion for decertification, the lower court stated that it considered the following: the notes of testimony from the Appellant's motion to quash the first degree murder charge; the relevant factual information from the notes of testimony from co-defendant Edmonson's decertification hearing; the statement of the Appellant; a stipulation by counsel that the Appellant had never been placed in the juvenile system and that the juvenile court had refused to certify him as an adult on a robbery charge that arose shortly before this incident; and a stipulation that Dr. Allan Tepper, a forensic psychologist who examined the Appellant at the request of defense counsel and who reviewed the Appellant's juvenile court history, would recommend treatment.[9] Trial Court Opinion, 3/7/96, at 2. The court also considered Appellant's age. *Id.*[10]

---

7. The Juvenile Act has been amended by the Act of November 17, 1995, P.L. 1127, No. 33 (Spec.Sess. No. 1). The amendments only apply to delinquent acts committed on or after the effective date of the act. Section 8 of Act 1995, No. 33 (Spec.Sess. No. 1). Because the incident occurred in August 1994, the amendments are not applicable in this case.

8. When murder charges are filed against a minor in an adult court, the court has jurisdiction over other charges filed and arising from the same criminal transaction. *Commonwealth v. Romeri*, 504 Pa. 124, 137, 470 A.2d 498, 505 (1983).

9. Although Appellant had never been placed within the juvenile system, he had, for various reasons, previous involvement with the system.

10. In its opinion, the court erroneously stated Appellant was sixteen at the time of the incident, when in fact he was fifteen and one-half years old. *Id.* However, we find that a six-month discrepancy concerning his age at the time of the incident is not dispositive to the issue of decertification. *See Commonwealth v. McDonald*, 399 Pa.Super. 250, 582 A.2d 328, 335 (Pa.Super.1990), (fifteen and one-half year old certified for trial as an adult for aggravated assault); *Commonwealth v. Garnett*, 336 Pa.Super. 313,

The court additionally stated on the record that it recollected the facts from Appellant's motion to quash the murder charge, the co-defendant's de-certification hearing and the preliminary hearing. N.T. Decertification, 1/11/98, at 7. The court noted that counsel stipulated to Appellant's juvenile record. *Id.* at 11. The court clarified that it considered this stipulation and a stipulation regarding Dr. Tepper's recommendation.

In her well-reasoned opinion, the Honorable Carolyn Engel Temin sets forth the primary reasons for denying de-certification:

> Following his arrest, [Appellant] displayed no signs of remorse. According to a memo prepared by Detective Joseph D. Fischer of the Homicide Division, while he was assisting in the processing of the four defendants in the early morning hours, he was able to observe their demeanor. [Appellant] and Taylor were laughing and talking, whereas Pennington and Edmonson were quiet and crying. [Appellant] and Taylor continued to indulge in morbidly inappropriate behavior, singing rap songs and boasting that Taylor's nickname was "homicide."

> This Court finds that [Appellant] was not merely a passive participant in the events and that his participation was therefore different from that of Edmonson. [Appellant] actively participated in beating, kicking and robbing the victim. [Appellant's] active participation in the event, his lack of remorse, his apparent totally dissocial attitude towards the slaughter of another human being, and the degree of criminal sophistication exhibited[,] militate against transferring [Appellant] to juvenile court for disposition.

Trial Court Opinion, 3/7/96, at 4. The court concluded that Appellant was unable to meet the burden placed upon him to demonstrate his amenability to rehabilitation. *Id.*

■ It is apparent that the court considered the necessary factors promulgated in 42 Pa.C.S.A. §6355(a)(4)(iii)(A). Appellant argues that the lower court abused its discretion because it only considered the severity of the offense. Appellant cites *Commonwealth v. Greiner*, 479 Pa. 364, 388 A.2d 698 (1978) for the proposition that one strong factor is insufficient to outweigh "counter veiling [sic] facts strongly weighing against certification." Appellant's Brief, at 10. However, unlike Appellant, the defendant in *Greiner* was not charged with murder. *See Greiner*, 479 Pa. at 372, 388 A.2d at 702 (holding that the nature of the crime [other than murder] in and of itself is insufficient to warrant a transfer from juvenile court to criminal court). Consequently, Appellant's reliance on *Greiner* is misplaced. In reviewing the record of the decertification hearing and the trial court's opinion, it appears that the trial court did not base its decision *solely* on the severity of the crime and Appellant's lack of remorse, although these factors weighed heavily in the decision. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to decertify Appellant.

■ Appellant next argues that upon acquittal of murder, the trial court should have transferred the disposition of the case to juvenile court pursuant to 42 Pa.C.S.A. § 6322(b). The trial court denied Appellant's request for a transfer without a hearing. Appellant thus claims that he was denied due process. Again, we must determine whether the trial court abused its discretion when reviewing the denial of a hearing and the denial of the motion to transfer. *Commonwealth v. Solomon*, 451 Pa.Super. 239, 679 A.2d 775, 777 (Pa.Super.1996), *appeal denied*, 546 Pa. 679, 686 A.2d 1310 (1996). If, in a criminal proceeding charging murder, the child is convicted of a crime less than murder, the case may be transferred for disposition to the juvenile division. *Id. Solomon* dictates that the factors set forth in section 6355(a)(4)(iii)(A) should be considered in a section 6322(b) transfer which is comparable to the application of these factors in a § 6322(a) transfer. *Id.*

■ Even though the trial court had the benefit of Judge Temin's review of the same

485 A.2d 821, 828 (Pa.Super.1984), (14 year-old certified as an adult when charged with, *inter*          *alia*, murder).

factors in considering decertification prior to trial, Judge Fitzgerald noted that he was not bound by that denial to decertify. Trial Court Opinion, 5/1/96, at 7. Judge Fitzgerald instead conducted an independent examination of these factors and found that Appellant was not amenable to the juvenile system stating:

> This Court made a determination independent from Judge Temin that the defendants were not amenable to treatment within the juvenile system. This Court had access to most of the material set forth in Judge Temin's Opinion including both defendants' juvenile records; the notes of testimony from the decertification hearings before Judge Temin ... all of the statements of both defendants and the co-defendants given prior to trial and during the trial and other relevant factors considered by Judge Temin. This Court also had the benefit of the presentence and mental health evaluations conducted on both defendants for the purposes of sentencing. Regarding [Appellant], it was clear that he was an active participant in this robbery by the testimony of the police and the co-defendants in this case. He struck the victim and was a principle [sic] in taking his property. In opening statements, his attorney admitted that [Appellant] was involved in this robbery as an active participant. N.T. 2/5/96, p. 34. [Appellant] showed no remorse for this offense and, in fact, during the motion to suppress, the testimony indicated that [Appellant] along with Mr. Taylor were laughing while in police custody, so much so that police separated them from [co-defendants]. N.T. 1/12/96, p. 209. When segregated [Appellant] and Mr. Taylor, in the presence of the police were singing rap songs indicating a callous attitude toward the victim in this case. i.e. "I got my hammer" and "Yo, bust that m... f..." N.T. 1/12/96, p. 209–210. When confronted by the police, [Appellant] explained this behavior as "we ain't looking for no justice, we got ours." N.T. 1/12/96, p. 211. The pre-sentence report indicated that [Appellant] was a poor candidate for rehabilitation and was continuing his drug use. He also had a prior juvenile record including an arrest of approximately one-month before this instant matter. The mental health evaluation also indicated that he was competent to receive the sentence.

Trial Court Opinion, 5/1/96, at 8–9. The court also noted on the record that it considered the severity of the offense (robbery) of which Appellant was convicted. N.T. Sentencing, 3/13/96, at 44. In reviewing the record and the trial court opinion, we find that the trial court was provided with sufficient information to consider the factors set forth in 42 Pa.C.S.A. § 6355(a)(4)(iii)(A) and deny Appellant's motion for decertification without a hearing.[11] *Solomon, supra* at 778. As such, we conclude that the trial court did not abuse its discretion and properly refused decertification.

Appellant's final point of error is that the trial court considered an incorrect offense gravity score with respect to the Sentencing Guidelines. Appellant argues that because he was acquitted of murder, the gunshot that killed the deceased cannot be considered. Appellant further argues that the deceased's injuries, other than the gunshot wound, do not meet the criteria required for serious bodily injury and that the court erroneously applied an offense gravity score of 11, when the correct score should have been a 9.

The Commonwealth argues that Appellant waived this sentencing claim by failing to comply with Rule of Appellate Procedure 2119(f) regarding discretionary aspects of sentencing. Commonwealth's Brief, at 21. After our review of the current case law regarding whether Appellant has waived this claim, we realize that this Court has inconsis-

---

11. The statements made prior to trial and the preliminary hearing were not included in the certified record, thus were not reviewed. Although the juvenile record was unavailable as well, its contents were summarized in the presentence report and by defense counsel at sentencing. N.T. Sentencing, 3/13/96, at 81–89. This Court thoroughly reviewed the contents of the certified record and found it sufficient for review of the issue of decertification. If the certified record is deemed insufficient for review by this Court, then the issue sought to be examined is waived. *Commonwealth v. Boyd*, 451 Pa.Super. 404, 679 A.2d 1284, 1290 (Pa.Super.1996), *appeal denied*, 547 Pa. 723, 689 A.2d 230 (1997).

tently treated the question of whether the calculation of an offense gravity score implicates the legality of sentence or the discretionary aspects of sentencing. Consequently, we have granted *en banc* review in this instance in order to clarify this issue and provide guidance to the bench and bar.

There are essentially two distinct lines of cases with regard to the issue before the Court. The first treats the application of the offense gravity score as an error of law but within the discretionary aspects of sentencing, therefore requiring that appellant's brief contain a 2119(f) statement. *See Commonwealth v. Johnakin*, 348 Pa.Super. 432, 502 A.2d 620, 622 (Pa.Super.1985) (holding that a claim regarding the application of the offense gravity score raises a substantial question regarding the discretionary aspects of sentencing); *Commonwealth v. Patton*, 409 Pa.Super. 304, 597 A.2d 1216, 1217 (Pa.Super.1991) (concluding that appellant's underlying claim that the trial court used an incorrect gravity score is a challenge to the discretionary aspects of sentence). *See also Commonwealth v. Brown* 402 Pa.Super. 369, 587 A.2d 6 (Pa.Super.1991)(holding that offense gravity score and deadly weapon enhancement involve discretionary aspects of sentencing). *Accord Commonwealth v. Pokorny*, 360 Pa.Super. 384, 520 A.2d 511 (Pa.Super.1987).

*Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415 (Pa.Super.1992) and its progeny express a divergent view and treat the incorrect application of the offense gravity score as a matter appealable as of right. *See Commonwealth v. Palmer*, 700 A.2d 988, 995 (Pa.Super.1997) citing *Johnson*, 421 Pa.Super. 433, 618 A.2d 415, 418–419 (Pa.Super.1992) (holding that the calculation of offense gravity score is a legal question and discretionary review is not appropriate). *Accord Commonwealth v. Acie*, 418 Pa.Super. 351, 614 A.2d 308 (Pa.Super.1992) (holding that prior record score and offense gravity score are not discretionary, thus are legal questions and appealable as of right). These cases set forth the proposition that an improper calculation of the offense gravity score presents a legal question and cannot be

waived, and is therefore appealable as of right.

An appellate court's authority to review a sentence is governed by 42 Pa.C.S.A. § 9781. This section directs that a claim regarding the legality of sentence is an appeal as of right, but any discretionary claims must present a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Id.* The Sentencing Code does not address a third category discussed by *Johnson* : legal questions appealable as of right. However, *Johnson* and its progeny treat these legal questions in the same fashion as a legality of sentence claim.

▮ A legal question is distinct from legality of sentence. An illegal sentence can never be waived and may be reviewed *sua sponte* by this Court. *Commonwealth v. Moran*, 450 Pa.Super. 283, 675 A.2d 1269, 1272 (Pa.Super.1996). An illegal sentence is one that exceeds the statutory limits. *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa.Super.1997). *See also Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994) (imposition of separate punishments for merged offenses is illegal); *Moran*, 675 A.2d at 1273 (sentence of restitution to District Attorney's office rendered illegal pursuant to 42 Pa.C.S.A. § 9721(c)). These cases all involve the authority of the court to impose a given sentence: the court was without jurisdiction to impose the sentence, resulting in an illegal sentence. With the exception of imposing an illegal sentence, the legislature has vested in the trial court broad discretion to impose a sentence in each case which comes before it. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 515, 522 A.2d 17, 20 (1987). "It is well established that a sentencing court can impose a sentence that is the maximum period authorized by statute." *Saranchak*, 544 Pa. at 176, 675 A.2d at 277; 42 Pa.C.S.A. § 9756(a).

▮ Conversely, a legal question is presented in every claim framed by an appellant. "An appellate court can only pass upon the legal questions which come before it." *Commonwealth of Pennsylvania Department of Transportation v. Boros*, 533 Pa. 214, 620 A.2d 1139, 1141 (1993). *See Commonwealth v. Luktisch*, 451 Pa.Super. 500, 680 A.2d 877,

879 (Pa.Super.1996) (holding that issues not properly preserved on appeal are waived); *Cf. Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) (holding that failure to comply with trial order directing appellant to file a 1925(b) statement waives claims for appellate review). Even though Appellant has presented a legal question, this fact alone does not automatically qualify his claim as appealable as of right.

Our Supreme Court has provided guidance on what constitutes the discretionary aspects of sentencing. "Section 9781(b) specifies that allowance of appeal of the discretionary aspects of sentence may be granted where it appears that there is a substantial question that the sentence imposed is not appropriate *under this chapter.* The chapter referred to is, of course, the entire Sentencing Code." *Commonwealth v. Tuladziecki*, 513 Pa. 508, 513, 522 A.2d 17, 20 (1987) (emphasis original). We have stated that "[t]he purpose of the prior record score and the offense gravity score are part of the Guidelines used by the court to create uniformity in sentencing." *Ellis*, 700 A.2d at 958 (Pa.Super.1997). This Court has further stated that, "if a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived by a defendant." *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134, 135 (Pa.Super.1987) (*en banc*). If we were to qualify an improper calculation of offense gravity score as implicating the legality of sentence, we would be giving the sentencing guidelines more weight than they were intended.[12] We recently stated, "the guidelines list ranges within which a court may sentence for partic-

ular crimes; they are not mandatory and courts will take into account various other factors when sentencing." *Ellis*, 700 A.2d at 958. *See also Commonwealth v. Saranchak*, 544 Pa. 158, 177, 675 A.2d 268, 277, n. 18 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 695, 136 L.Ed.2d 617 (1997) (stating that a court has no duty to impose a sentence considered appropriate under the Sentencing Guidelines).

■ Although a sentencing court has no obligation to sentence within the guidelines, the trial court must necessarily correctly apply the guidelines and reach the correct point of departure before sentencing outside of the guidelines. As applied here, the sentencing court must correctly ascertain the offense gravity score in order to reach the proper sentence recommendation provided by the Sentencing Guidelines. *Cf. Commonwealth v. Jones*, 433 Pa.Super. 266, 640 A.2d 914, 919 (Pa.Super.1994) (holding that the application of the deadly weapons' enhancement is mandatory to the extent of establishing a correct point of departure for sentencing, but upon appellate review is treated as a substantial question regarding the discretionary aspects of sentencing); *and Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134, 135 (Pa.Super.1987) (*en banc*) (holding that the question of whether a juvenile record should be included in a prior record score implicates the discretionary aspects of sentencing).

■ When the Sentencing Guidelines are properly applied, the judge may then exercise his or her discretion to sentence outside the Guidelines. An improper calculation of the offense gravity score affects the outcome of the sentencing recommendations, resulting in an improper recommendation, thereby

**12.** The Pennsylvania Commission on Sentencing was created in 1978 for the purpose of establishing guidelines to be considered by the courts in imposing sentences. *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). Prior to the creation of the Commission and the promulgation of the Sentencing Code, appellate review was limited to a determination of whether the sentence was within the statutory limits. *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972). If the trial court sentenced a defendant to a term within the statutory limits, the court

had not abused its discretion unless the sentence was manifestly excessive so as to inflict too severe a punishment. *Id.* With the implementation of the Guidelines, the trial court's job in determining an appropriate sentence has become more difficult and appellate review of the court's discretionary aspects of sentencing has expanded. However, a trial court's imposition of a sentence within the statutory limits remains discretionary regardless of the factors the sentencing court is required to consider pursuant to the Guidelines.

compromising the fundamental norms which underlie the sentencing process. *Commonwealth v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706, 710 (Pa.Super.1995). We thus hold that any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence. A claim that the sentencing court misapplied the Guidelines presents a substantial question. With this conclusion, we expressly overrule *Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415 (Pa.Super.1992) and its progeny for their proposition that a claim concerning the offense gravity score is appealable as of right.

■■■■■ The standard of appellate review of discretionary aspects of sentencing is an abuse of discretion. *Commonwealth v. Smith*, 545 Pa. 487, 681 A.2d 1288 (1996). "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where *the law is not applied* or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Smith*, 545 Pa. at 491, 681 A.2d at 1290 (1996) (emphasis added). The improper utilization of the Sentencing Guidelines is an error of law, which is a legal question, but does not render the sentence illegal.[13]

Having set forth these principles, we will now review Appellant's sentence in order to ascertain whether it was within statutory limits. Appellant was convicted of robbery, in this instance, a felony of the 1st degree. 18 Pa.C.S.A. § 3701(b). A felony of the 1st degree is subject to a maximum penalty of not more than 20 years. *Id.* at § 1103. For the crime of robbery, Appellant was sentenced to a term of imprisonment of 10 to 20 years. N.T. Sentencing, 3/13/96, at 156. Possession of an instrument of a crime is a misdemeanor of the 1st degree which is sub-

ject to a maximum penalty of not more than 5 years. *Id.* at § 1104(1). For this crime, Appellant was sentenced to 2½ to 5 years' imprisonment. Crimes of criminal conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy. *Id.* at § 905. For his conviction of conspiracy, Appellant was sentenced to 5 to 10 years' imprisonment. In this case, all of the sentences received by Appellant are within the statutory limits.

■■■■ If the sentence is legislatively permitted, appellate review of sentences is governed by 42 Pa.C.S.A. § 9781(b).[14] *Tuladziecki*, 513 Pa. at 510, 522 A.2d at 18. Moreover, Pa. R.A.P. 2119(f) mandates that

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

If an appellant fails to comply with R.A.P. 2119(f) and appellee fails to object, this Court may review appellant's claims with regard to the discretionary aspects of sentence. *Commonwealth v. Saranchak*, 544 Pa. 158, 675 A.2d 268 (1996). However, as in this instance, where the appellee objects, this Court cannot overlook this procedural error. *Id.* For the reasons discussed *supra*, we find that Appellant has waived his challenge to the application of the offense gravity score as it implicates the discretionary aspects of sentencing.

■■■■ Nevertheless, because the law has been inconsistent up until this decision, we will briefly address Appellant's claim.[15]

---

**13.** If a claim is properly preserved, an incorrect offense gravity score requires this Court to remand for resentencing or amend the sentence directly. *Commonwealth v. Moran*, 450 Pa.Super. 283, 675 A.2d 1269, 1272 (Pa.Super.1996).

**14.** Upon review of the constitutionality of 42 Pa.C.S.A. § 9781(b), we held that this section is a reasonable regulation of the right to appeal.

*Commonwealth v. McFarlin*, 402 Pa.Super. 502, 587 A.2d 732, 735 (Pa.Super.1991) (*en banc*).

**15.** We find merit in applying this holding prospectively for the benefit of those relying on *Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415 (Pa.Super.1992) and progeny. *Commonwealth v. Metts*, 447 Pa.Super. 275, 669 A.2d 346, 354 (Pa.Super.1995), *appeal granted*, 544 Pa. 255, 675 A.2d 1238 (1996).

This Court finds that the trial court properly calculated the offense gravity score as 11. The jury found Appellant guilty of robbery, theft by unlawful taking, criminal conspiracy and possession of instruments of a crime. Appellant had possession of the gun at one point during the evening. Appellant actively participated in the armed robbery and actively engaged in the assault of the victim. Appellant's behavior that evening exhibited reckless disregard for the life of the deceased. Appellant's acts combined with the acts of his co-conspirators predicated a situation where it was extremely likely that serious bodily harm would occur. *Commonwealth v. Baskerville*, 452 Pa.Super. 82, 681 A.2d 195, 200 (Pa.Super.1996), *appeal denied*, 547 Pa. 723, 689 A.2d 230 (1997). Furthermore, the shooting occurred during the commission of the robbery. The shooting was part of a continuous course of conduct in furtherance of the criminal conspiracy. 18 Pa.C.S.A. § 903(g). As such, Appellant is chargeable for the acts of his co-conspirators. *Id.* Even though Appellant was acquitted of murder, the injuries resulting from the shooting are attributable to Appellant as well as all other co-conspirators regardless of who fired the gun. *Id.* Appellant should not benefit from an inconsistent verdict. "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon [the] acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Commonwealth v. Swann* 431 Pa.Super. 125, 635 A.2d 1103, 1104 (Pa.Super.1994). We find that the court was correct in finding a gravity score of 11, for regardless of the injuries sustained from the assault, the death resulting from the gunshot should have been considered as well. Finding no basis in which to reverse the trial court, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

McEWEN, President Judge, Concurs in the Result.

DEL SOLE, J., files Concurring and Dissenting Opinion.

DEL SOLE, J., concurring and dissenting:

I agree with the result affirming the judgment of sentence. I also agree with the Majority's statement that the improper utilization of the Sentencing guidelines is an error or law, and thus, although it presents a legal question, it does not render the sentence illegal. Therefore, a defendant can waive such a challenge to a sentence if it is not presented or developed on appeal.

However, where properly presented, a question suggesting that a sentencing court improperly utilized the guidelines is not a discretionary matter. A claim that a prior record score was miscalculated does not call for a discretionary decision. It is legal matter calling for a legal conclusion. Accordingly it should, when presented as an issue and developed by an appellant in the appellate brief, be reviewed without the requirement of compliance with Pa.R.A.P. 2119(f), which is applicable only to challenges of the discretionary aspects of a sentence.

If, however, this court sees fit to require compliance with Pa.R.A.P. 2119(f) in these circumstances, in my judgment a substantial question will be raised where an appellant claims there was an improper calculation of a prior record score, and our review will be mandated. Recognizing the question for what it is, one which challenges an error of law, eliminates the needless task of requiring the 2119(f) statement.

CAVANAUGH, J., and SCHILLER, J., join in this Concurring and Dissenting Opinion.