**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARTHA YVETTE TAYLOR | |
| Appellant | No. 852 EDA 2017 |

Appeal from the Judgment of Sentence February 7, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001111-2016

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:　　　　　　　　**FILED OCTOBER 17, 2017**

Appellant, Martha Yvette Taylor, appeals from the judgment of sentence imposed February 7, 2017, following a bench trial resulting in her conviction for driving under the influence of a controlled substance, impaired ability, first offense; disregarding a traffic lane (single); and careless driving.[1]  We affirm Appellant's conviction but vacate her sentence and remand for resentencing and correction of the record.

On October 27, 2015, at approximately 10:30 p.m., Pennsylvania State Trooper Mark Puopolo received a radio dispatch regarding a gray Jeep

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(2), 3309(1), and 3714, respectively, according to the trial court's opinion.  **See** Trial Court Opinion (TCO), 4/3/17, at 2-3.  We will detail our further concerns with the state of the certified record and Appellant's sentence *infra*.

Cherokee SUV that was driving on Hollow Road in Smithfield Township, Monroe County, Pennsylvania. *See* Notes of Testimony (N.T.), 11/23/16, at 6-7, 16. Upon encountering this vehicle, Trooper Puopolo observed it cross the double yellow line in the center of the road. *Id.* at 8. After moving his police car to the right to avoid being struck by the other vehicle, Trooper Puopolo conducted a traffic stop and made contact with Appellant. *Id.* at 8-9.

Appellant's eyes were red, bloodshot, glassy, and had constricted pupils. *Id.* at 9. Her movements were slow and sluggish. *Id.* Trooper Puopolo asked Appellant if she was on any prescription medications or if she had taken anything that would affect her driving ability. *Id.* at 10. Appellant informed Trooper Puopolo that she had taken prescription phenobarbital earlier that day. *Id.* at 11. Appellant walked with a cane, was unsteady and swaying on her feet, and appeared disoriented when walking outside of the vehicle. *Id.* at 12, 14. Due to Appellant's mobility issues and age, Trooper Puopolo administered only a horizontal gaze nystagmus test. *Id.* at 12-13. Following the test, he took Appellant to the Monroe County DUI Processing Center. *Id.* at 13, 16.

Police Sergeant Eric Smith processed Appellant later that night.[2] *Id.* at 27. He observed that Appellant was disheveled and her clothing disorderly.

---

[2] Appellant was read the DL-26 implied consent form prior to being given a warrantless blood draw. *Id.* at 28. However, pursuant to recent case law,

*Id.* at 30. She was sleepy and slow in her speech and responses but talkative, polite, and cooperative. *Id.* at 30. She informed Sergeant Smith that she was prescribed phenobarbital, cyclobenzaprine, and tramadol and had last taken her medication at 12:00 p.m. *Id.* at 30. In Sergeant Smith's observation, it was unusual that Appellant was talkative but still experiencing bouts of sleepiness. *Id.* at 30-31. During the interview, Appellant sporadically burst into tears. *Id.* at 31. Appellant was arrested. *Id.*

Initially, we note our concern regarding the abysmally contradictory and error-filled state of the record. The court indicates that Appellant 1) was found guilty of "all charges" following a bench trial on November 23, 2016, and 2) was sentenced on the above charges to six months of intermediate punishment. *See* TCO at 2-3. The docket, the notes of testimony, and the criminal information do not support these contentions.

First, the docket does not appear to accurately reflect the dates or events in the case. The notes of testimony indicate a bench trial was held November 23, 2016; however, the docket indicates that on November 23, 2016, the court scheduled a bench trial for February 7, 2017. *See* Docket, CP-45-CR-0001111-2016, at 6. The notes of testimony indicate that Appellant was sentenced on February 7, 2017; however, the docket indicates that on

_____

such blood draws not based upon a warrant, case-specific exigency, or actual consent absent coercion of criminal consequences, are banned pursuant to *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). *See Commonwealth v. Ennels*, --- A.3d ---, at *3-5, 2017 Pa. Super. 217 (filed July 11, 2017). However, the results of the warrantless blood draw were not admitted into evidence.

February 10, 2017, Appellant 1) entered a guilty plea, and 2) a sentence was imposed. ***See*** Docket, CP-45-CR-0001111-2016, at 7.

The actual charges and their dispositions are equally inconsistent in the docket, notes, and the rest of the certified record. The criminal complaint states that at offenses I, II, and III, Appellant was charged with driving under the influence of alcohol or a controlled substance. ***See*** Criminal Complaint, 12/28/15, at 1-2. Appellant was charged at offense IV with driving on roadways laned for traffic. ***Id.*** at 3. Appellant was charged at offense V with careless driving. ***Id.*** at 4. The original criminal information also reflects this order of charges. ***See*** Criminal Information, 6/6/2016, at 1-2. The amended criminal information charged Appellant with count I, driving under the influence of a controlled substance, count II, disregarding traffic lane (single), and count III, careless driving. ***See*** Amended Criminal Information, 11/8/16, at 1-2.

The docket states that Appellant was charged with three counts of DUI – Controlled Substance at counts I, IV, and V, and that she was charged with disregarding a traffic lane at count II and careless driving at count III. ***See*** Docket, CP-45-CR-0001111-2016, at 3. In the final disposition, the docket indicates that Appellant pleaded guilty to one count of DUI – controlled substance, at count I. ***Id.*** at 3-4. Counts II and III, disregarding a traffic lane and careless driving, remain "held for court." ***Id.*** at 3. Counts IV and V, DUI – Controlled Substance are "dismissed by information." ***Id.*** at 3-4.

- 4 -

At trial, at least according to the notes of testimony, the court found Appellant guilty on all counts, and that same day, entered an order finding Appellant guilty of "Counts I, II, and III, DUI," as well as "Count IV – Disregard Traffic Lane" and "Count V – Careless Driving." *See* N.T., 11/23/16, at 45-46. Further, the certified record contains a court order on that same date indicating that Appellant was convicted at bench trial of counts I, II, and III, driving under the influence, count IV, disregarding traffic lane, and count V, careless driving. *See* Order, 11/23/16, at 1-2.

At sentencing, the court did not state on the record that Appellant was being sentenced to intermediate punishment or the length of the sentence, only indicating that Appellant must spend thirty days on house arrest. *See* N.T., 2/7/17, at 2-4. The order as transcribed in the notes does not identify the charges constituting each counts. *Id.* At sentencing, the court entered an order that on count I, Appellant was to undergo thirty days of electronic monitoring and pay fines, fees, and costs, and undergo a license suspension for one year. *Id.* at 4. The court stated that counts II and III merged for sentencing purposes. *Id.* The court fined Appellant $25.00 for count IV, disregarding a traffic lane, and a $25.00 fine for count V, careless driving. *Id.*

In contrast, the sentencing order contained in the certified record states that Appellant pleaded guilty to driving under the influence – impaired ability – first offense, and that she would be placed on intermediate punishment for six months, with thirty days of house arrest, and a $300.00 fine, costs of electronic monitoring, and fees. *See* Order of the Court, 2/7/17, at 1. The

sentencing order mentions only the charge for DUI, and does not indicate a disposition for the other charges for which Appellant was convicted. *Id.* Additionally, the sentencing order does not mention the $25.00 fines imposed for disregarding a traffic lane or careless driving. *Id.*

The court's Pa.R.A.P. 1925(a) opinion reflects none of these inconsistencies but merely states that appellant was convicted of DUI, disregarding traffic, and careless driving, and was sentenced to six months of intermediate punishment and thirty days of house arrest. *See* TCO at 1-3. Again, we note our concern with the state of the record and admonish both the trial court and counsel for allowing the record to be transmitted in such a state. *See*, *e.g.*, *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (noting that it is the appellant's responsibility to ensure the transmission of a complete record to allow this court an opportunity for meaningful review).

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review:

1. Was there sufficient evidence beyond a reasonable doubt to convict the [Appellant] of driving under the influence while impaired when the only evidence of her impairment was her admission that she had used her prescription drug that day?

2. Was there sufficient evidence beyond a reasonable doubt to convict [Appellant] of driving under the influence, impaired ability?

- 6 -

3. Did the [c]ourt incorrectly admit [Appellant's] statement that she took her prescription that day, in violation of the corpus delicti rule?

4. Was it necessary for the Commonwealth to call an expert witness to support that the supposed signs of impairment exhibited by the defendant were consistent with impairment from taking phenobarbital?

Appellant's Brief at 4.[3]

Appellant's third and fourth issues are waived for failure to include them in her Pa.R.A.P. 1925(b) statement of errors complained of on appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived.").

Appellant's remaining issues challenge the sufficiency of the evidence to support her conviction for driving under the influence. *See* Appellant's Brief at 9. Appellant claims the evidence was insufficient to support her conviction because the only evidence of her impairment was her admission that she had taken her medication and a single incident of driving over the line. *Id.* at 9. Appellant contends that all of the signs of impairment were only side effects of the medication she takes and consistent with her mobility issues. *Id.* at 11-12.

We review a challenge to the sufficiency of the evidence as follows.

_____

[3] In her brief, Appellant has not numbered her questions; we have added numeration for ease of analysis.

In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as a verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

*Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

The applicable section of the Motor Vehicle Code defines DUI – general impairment in the following manner:

(d) Controlled substances.**--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

*See* 75 Pa.C.S. § 3802(d)(2); *see also Commonwealth v. Griffith*, 32 A.3d 1231, 1239-40 (Pa. 2011) (finding evidence sufficient to support conviction where defendant was having trouble standing, failed sobriety test, and the defendant told officer she had taken a drug).

Here, the evidence was sufficient to support Appellant's conviction. Appellant was driving the vehicle at the time that she was stopped. Trooper Puopolo observed her cross the median line once and nearly strike his vehicle. Upon effectuating a traffic stop, Trooper Puopolo observed that Appellant's eyes were red, bloodshot, glassy, and had constricted pupils. She was slow,

- 8 -

sluggish, and unsteady on her feet. Appellant appeared disoriented and failed a horizontal gaze nystagmus test. She informed Trooper Puopolo that she had taken phenobarbital earlier that day. Sergeant Smith, who observed Appellant in custody, noted that she was disheveled, had disorderly clothing, was sleepy and slow, but polite, cooperative, and talkative. Appellant was emotional and cried sporadically. Appellant admitted to having taken phenobarbital, cyclobenzaprine, and tramadol. Based on his experience, Officer Smith believed Appellant was intoxicated. All of this evidence supports the contention that Appellant was intoxicated at the time she was pulled over and was unable to safely operate her vehicle.

Thus, the evidence was sufficient to support the conviction, as the Commonwealth proved beyond a reasonable doubt that Appellant 1) was not able to drive safely, and 2) her inability to drive safely was a result of having taken a controlled substance. **See Griffith**, 32 A.2d at 1239-40; 75 Pa.C.S. § 3802(d)(2). Appellant's argument that the evidence was insufficient because the drugs were prescribed is of no moment: the statute does not provide an exception for prescribed medication. Accordingly, we affirm the conviction. **Diggs**, 949 A.2d at 877.

We cannot, however, affirm Appellant's sentence. Our Court's "authority to review a sentence is governed by 42 Pa.C.S. § 9781." **Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*). Moreover, challenges to an illegal sentence may never be waived, and also may be reviewed *sua sponte* by this Court. **Commonwealth v. Randal**, 837

A.2d 1211, 1214 (Pa. Super. 2003). An illegal sentence must be vacated. *Id.* Here, it is impossible to determine, from the record, what Appellant's sentence actually was. Sentencing orders contradict the docket and both contradict the court. The sheer level of error in the certified record makes it impossible to review the legality of this sentence, and accordingly, we vacate the sentence and remand for resentencing. The court is further directed to conduct a review of the record and ensure that these discrepancies are corrected prior to retransmitting said record.

Conviction affirmed. Judgment of sentence vacated. Remanded for resentencing and correction of the record. Jurisdiction retained.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2017