J-S61014-17

2017 PA Super 348

COMMONWEALTH OF PENNSYLVANIA,      IN THE SUPERIOR COURT
OF
Appellee      PENNSYLVANIA

v.

JOHN MICHAEL ROTOLA,

Appellant      No. 3678 EDA 2016

Appeal from the Judgment of Sentence September 20, 2016
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0000282-2016

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

DISSENTING STATEMENT BY PLATT, J.:      **FILED NOVEMBER 06, 2017**

Because I believe that the trial court did not abuse its discretion with respect to its order of restitution, I respectfully dissent.  I would affirm the judgment of sentence.

Appellant pleaded guilty to a one count of theft of property lost, mislaid, or delivered, and was ordered to pay restitution to the victim in the amount of $25,934.44, and to her insurance company in the amount of $120.27. Appellant filed a motion to reconsider sentence concerning only the amount of restitution.  After a reconsideration of sentence hearing, the trial court granted his motion and modified the restitution amount to $25,000.00, to be paid jointly and severally with his co-defendant.

---

[*] Retired Senior Judge assigned to the Superior Court.

"An order of restitution is a sentence, and thus, the amount awarded is within the sound discretion of the trial court and must be supported by the record." **Commonwealth v. Boone**, 862 A.2d 639, 643 (Pa. Super. 2004) (citation omitted).

I believe that the trial court's order of restitution, imposed after the restitution hearing, was within its discretion and supported by the record. Therefore, I would affirm the judgment of sentence.[1]

Accordingly, I respectfully dissent.

---

[1] Furthermore, I do not believe that this Court has the authority to consider the validity of Appellant's plea *sua sponte* where he did not raise the issue, and therefore has waived any challenge to the validity of his plea. **See Commonwealth v. Archer**, 722 A.2d 203, 209-10 (Pa. Super. 2006) (*en banc*) ("An appellate court can only pass upon the legal questions which come before it.") (citations omitted); **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) ("Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. In order to preserve an issue related to the guilty plea, an appellant must either object[] at the sentence colloquy or otherwise rais[e] the issue at the sentencing hearing or through a post-sentence motion.") (citations and internal quotation marks omitted). Therefore, I disagree with the Majority's consideration of the validity of Appellant's plea.