J-S39033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE LOMAX | : | |
| | : | |
| Appellant | : | No. 966 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 7, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005698-2018

BEFORE: LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 21, 2020**

Terrence Lomax (Lomax) appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court) after Lomax entered a plea of guilty as to two counts: rape by forcible compulsion (18 Pa.C.S. § 3121(a)) and unlawful contact with a minor (18 Pa.C.S. § 6318). Pursuant to the plea, Lomax was sentenced to an aggregate prison term of four-and-a-half to nine years, followed by six years of probation. Lomax now challenges the validity of his plea on the ground that it was involuntary. For the reasons below, however, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

Lomax was charged with 13 related sex crimes and on February 7, 2019, the day of his trial, a jury was empaneled. Before the trial began, Lomax accepted a new plea offer from the Commonwealth. ***See*** Trial Transcript, 2/7/2019, at p. 3. In exchange for pleading guilty to the two above counts, the Commonwealth agreed to drop the remaining charges and recommend a prison sentence of four-and-a-half to nine years, followed by six years of probation.

During the plea colloquy, Lomax told the trial court that no one had forced him to accept the Commonwealth's offer; no one had threatened him; and no one made him any promises other than the negotiated sentencing recommendations. ***Id***. at p. 6. Lomax stated that he was satisfied with his trial counsel; he had conferred with his counsel regarding the plea terms; and he believed counsel was prepared to continue trying the case if Lomax wished. ***Id***. at p. 7.

Throughout the plea colloquy, the trial court asked Lomax if he understood the terms and conditions and Lomax answered that he did. Lomax was repeatedly asked whether he had any questions or concerns and Lomax answered that he did not. The trial court asked Lomax if he was pleading guilty to the two counts because he was, in fact, guilty, and Lomax initially answered, "No." ***Id***. at p. 12.

The trial court ordered a brief recess so that Lomax could confer with his counsel, and once the colloquy resumed, Lomax was again asked if he was pleading guilty because he was guilty. This time, Lomax answered, "Yes." *Id*. at p. 13.

The Commonwealth then recited the factual basis for Lomax's plea, after which the trial court once more confirmed with Lomax that he understood all that had happened:

> [Trial court]: Okay. Mr. Lomax, did you hear the facts as stated by the Commonwealth's representative here today?
>
> [Lomax]: Yes.
>
> [Trial court]: Are those the facts to which you are pleading guilty, sir?
>
> [Lomax]: Yes.
>
> [Trial court]: Do you have anything to add or amend to those facts? You don't have to, it's up to you.
>
> [Lomax]: No.

*Id*. at p. 16.

Lomax entered a plea of guilty as to both subject offenses. *Id*. at p. 17. The trial court accepted his plea and imposed the sentence Lomax had negotiated with the Commonwealth. *See id*. at p. 24. Lomax was informed of the collateral consequences of his plea and was advised that he had ten days in which to file a post-sentence motion. *See id*. at p. 29. He again told the trial court that he had no questions or concerns. *Id*. Additionally, Lomax signed the written plea agreement and the written guilty plea colloquy.

Lomax did not file a post-sentence motion within ten days after the judgment of sentence was entered. Nevertheless, Lomax timely filed a notice of appeal, seeking to withdraw his plea. He then raised the following four issues in his brief:

> 1. Whether [Lomax] should be allowed to withdraw his guilty plea and proceed to trial because it was not made knowingly, intelligently and/or voluntarily[.]
>
> 2. Whether [Lomax] should be allowed to withdraw his guilty plea and proceed to trial because he is innocent[.]
>
> 3. Whether [Lomax] should be allowed to withdraw his guilty plea and proceed to trial because his trial counsel tricked him into taking a plea which he then asked counsel to withdraw[.]
>
> 4 Whether [Lomax] should be allowed to withdraw his guilty plea and proceed to trial because his trial counsel was ineffective[.]

Appellant's Brief, at xi (re-numbered). The Commonwealth did not file a brief in response.

## II.

The first three issues that Lomax raises on appeal concern the voluntariness of his guilty plea. He argues that he would have gone to trial had he been informed during the plea colloquy of his right to a jury. Next, he claims with no elaboration that he did not intend to plead guilty because he is innocent. And third, he contends (again, with no elaboration) that he only entered his plea because his trial counsel "tricked" him into doing so.

These three claims have been waived, as it is necessary to raise such issues in a post-sentence motion, which Lomax did not do. ***See*** Pa.R.Crim.P.

720(B)(1)(a)(i) (providing that a defendant has ten days after entry of judgment of sentence to file a post-sentence motion challenging the validity of a guilty plea). Because these issues have not been preserved, we are precluded from reaching their merits. **See id**.; **see also Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002) (appellant's argument that there was an insufficient factual basis for the plea was not properly preserved for appeal because trial counsel failed to preserve the issue by objecting at the sentencing colloquy or raising the issue at the sentencing hearing or through a post-sentence motion); **Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa. Super. 1998) (issues not preserved on appeal are waived).[1]

Lomax's fourth issue is a claim of ineffective assistance of trial counsel with respect to the plea proceedings. Again, Lomax raises this issue for the first time on appeal, as he has not previously asserted the ground in a petition for post-conviction relief as is required. Our Supreme Court has explained that a direct appeal is not the place to raise an ineffectiveness claim for the first time. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002)

---

[1] Even if Lomax had preserved these three claims for appellate review, it would be unavailing. Lomax argues that he would not have pleaded guilty had he known he would be giving up the right to a trial by a jury of his peers. However, at the time he entered his plea, Lomax had *already* empaneled a jury, so he necessarily knew he had a right to one. As to his claims that he is innocent and his attorney "tricked" him, those grounds have not been sufficiently developed in the record or in the briefing for appellate review. **See generally Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007).

(defendants should wait until the collateral review phase to raise claims of ineffective assistance of counsel); **_Commonwealth v. Holmes_**_,_ 79 A .3d 562 (Pa. 2013) (same).

It was suggested in **_Grant_** that as an exception to the general rule, a defendant may be able to seek immediate relief on direct appeal where it is clear from the record that there has been a *per se* deprivation of the right to counsel or a breach of a duty of loyalty. **_See id_**. at 738 n.14. However, Lomax only vaguely asserts here that his trial counsel "tricked" him into entering a plea of guilty. We decline to consider the merit of this claim because it lacks sufficient development, but as suggested in **_Grant_**, it may be appropriate for Lomax to raise the issue in a petition for post-conviction relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/20