J-A17021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELVINO ALBERTO CAGNARDI | |
| Appellant | No. 2681 EDA 2013 |

Appeal from the Judgment of Sentence July 3, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002980-2011

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 29, 2014**

Appellant, Elvino Alberto Cagnardi, appeals[1] from the judgment of sentence entered on July 3, 2013, by the Court of Common Pleas of Monroe County.  We affirm.

Cagnardi pled guilty, in an open guilty plea, to one count of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), stemming from his attack on a former girlfriend.  Cagnardi pointed a handgun at the victim's head and pulled the trigger.  When the gun failed to discharge, he struck the victim on the head with the handgun—three times—causing severe injuries.  At

---

[1] Cagnardi purports to appeal from the denial of his post-sentence motions. **See** Notice of Appeal, 9/23/13.  "[A] direct appeal in a criminal case can only lie from the judgment of sentence." **Commonwealth v. Lawrence**, ___ A.3d ___, ___ n.1, 2014 WL 4212715, *8 n.1 (Pa. Super., filed August 27, 2014) (citation omitted).  We have corrected the caption accordingly.

sentencing, the trial court utilized the deadly weapon enhancement/used matrix and determined that the offense gravity score was an eleven, as the victim suffered serious bodily injuries. The sentencing court then departed from the sentencing guidelines and imposed a sentence of imprisonment of nine to eighteen years. Cagnardi filed post-sentence motions, which the trial court denied. This timely appeal follows.

On appeal, Cagnardi raises claims challenging the discretionary aspects of sentencing. He has preserved these claims and has included a Rule 2119(f) statement in his brief. *See*, *e.g.*, *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (explaining requirements for preserving and enabling review of discretionary aspects of sentencing claims). We explain below which claims raise a substantial question for our review and which do not.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted).

Cagnardi first argues that the trial court utilized an incorrect offense gravity score as he did not cause the victim serious bodily injury. The claim

- 2 -

of improper calculation of the offense gravity score implicates the discretionary aspects of sentencing, raising a substantial question for our review. ***See Commonwealth v. Archer***, 722 A.2d 203, 210-211 (Pa. Super. 1998) (*en banc*). "[T]he trial court must necessarily correctly apply the guidelines and reach the correct point of departure before sentencing outside of the guidelines." ***Id***., at 210. Here, the trial court reached the correct point of departure.

Chapter 303.15 of the Pennsylvania Sentencing Guidelines provides an offense gravity score of eleven for the offense of aggravated assault (causes serious bodily injury) and of ten for the offense of aggravated assault (attempts to cause serious bodily injury). ***See*** 204 Pa. Code § 303.15. "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

The victim testified that she covered her head with her hands during the attack and that while Cagnardi repeatedly struck her, she suffered a laceration on her head that required staples and that her hand is "deformed." N.T., Sentencing, 7/3/13, at 24. The victim's hand requires surgery, which entails a lengthy recovery period. She also suffered broken blood vessels in her eyelids, a "very sore nose," a concussion, and continues to suffer post-traumatic stress. ***Id***., at 23.

The victim clearly suffered a serious bodily injury as defined in § 2301 due to the pistol whipping. The sentencing court utilized the correct offense gravity score.

Cagnardi next argues that the trial court abused its discretion in departing from the sentencing guidelines without stating adequate reasons on the record. This claim presents a substantial question for our review. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014).

The standard range of the sentencing guidelines is 54 to 72 months, the aggravated range is plus 12 months, and the mitigated range is minus 12 months. *See* 204 Pa. Code § 303.18. The trial court imposed a minimum sentence of 108 months, well outside the guidelines.

"When the Sentencing Guidelines are properly applied, the judge may then exercise his or her discretion to sentence outside the Guidelines." *Archer*, 722 A.2d at 210.

> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines. In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, [t]his requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to

state adequate reasons for the imposition of sentence on the record in open court.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

*Antidormi*, 84 A.3d at 760-761 (internal citations and quotation marks omitted; brackets in original).

The sentencing court stated adequate reasons on the record to support the imposition of a sentence outside of the standard guidelines as it referenced Cagnardi's criminal history, his risk for recidivism, and the seriousness of his crime. *See* N.T., Sentencing, 7/3/13, at 47-52. Cagnardi tried to kill the victim. The sentencing court was also particularly concerned that Cagnardi had not fully accepted responsibility for the crime and explained, "I don't think that he has put this behind him. I think he is still carrying those burning coals of rage about this situation an[d] his relationship with [the victim]." *Id*., at 52. The sentencing court found Cagnardi to be a "dangerous man" both to the victim and to society. *Id*. In addition, the trial court reviewed a pre-sentence investigation report, which detailed, among other things, his age and rehabilitative needs. The sentencing court did not abuse its discretion.

Lastly, Cagnardi argues that the sentencing court failed to adequately consider "the unique circumstances of this case" in imposing sentence—his age and the letters from two psychiatrists that opined that this attack was an "isolated incident." Appellant's Brief, at 20. This information was not only in the pre-sentence investigation report, but defense counsel informed the court of these matters at sentencing. *See* N.T., Sentencing, 7/3/14, at 34-36.

This claim is nothing more than an assertion that the sentencing court failed to adequately consider certain mitigating factors. This does not raise a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014